# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| ELIZABETH BENTLEY AS ADMINISTRATOR OF THE ESTATE OF TIMOTHY J. BATTLES, <br><br> Plaintiff <br><br> v. <br><br> NATIONAL SECURITY RESOURCES, LLC, CLIFFORD BARR, and SEAN HAVINS, <br><br> Defendants | CIVIL ACTION FILE NO. |

## COMPLAINT

Plaintiff Elizabeth Bentley as administrator of the estate of Timothy J. Battles (hereinafter, "Plaintiff" or "Battles Estate") files this Complaint through counsel, respectfully showing this Honorable Court as follows.

### PARTIES, JURISDICTION AND VENUE

1. Elizabeth Bentley as Administrator of the Estate of Timothy J. Battles is a resident and citizen of Florida.

2. National Security Resources, LLC ("NSR") is a Georgia limited liability company with a principal office address at 90F Glenda Trace, #453, Newnan, GA 30265.

1

3. Clifford Barr ("Mr. Barr") is an individual resident of Georgia.

4. Sean Havins ("Mr. Havins") is an individual resident of Georgia.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

6. There is complete diversity among the parties.

7. The amount in controversy exceeds $75,000.

8. Venue is proper in the Gainesville division of the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b)(1),(2).

## FACTUAL BACKGROUND

9. This action seeks to enforce and recover damages from the breach of a contract Mr. Battles made whereby he obtained an ownership interest in NSR to secure repayment of a loan to Glenn D. Crowe ("Mr. Crowe").

10. Upon information and belief, NSR is a security technology company that has a specialized 3D facial recognition technology which it has leveraged to acquire contracts with the Federal Bureau of Prisons and the National Sheriffs Association.

11. On April 26, 2006, Carol Battles, the now deceased wife of Plaintiff, loaned Mr. Crowe $378,789.75. To memorialize this loan, Mr. Crowe executed a promissory note stating the same (the "Note"). A true and correct copy of the Note is attached as **Exhibit 1**.

12. To secure the Note, Mr. Crowe and 600 Peachtree Parkway, LLC executed a security deed conveying real property located in Forsyth County, Georgia, to Carol Battles ("Security Deed"). The Security Deed was recorded in the Forsyth County, Georgia real estate records. A true and correct copy of the Security Deed is attached as **Exhibit 2**.

13. On October 2, 2013, Mr. Crowe, 600 Peachtree Parkway, LLC, and Mrs. Battles executed a Modification of Note and Deed to Secure Debt, modifying the Note and Security Deed ("First Modification"). The First Modification was recorded in the Forsyth County, Georgia real estate records. A true and correct copy of the First Modification is attached as **Exhibit 3**.

14. The First Modification changed the maturity date of the Note and Security Deed to October 1, 2015.

15. On February 5, 2015, Mr. Crowe and Mrs. Battles again modified the Note, increasing the principal amount owed to $425,000.00 ("Second Modification") and adding Mr. Battles as an additional lender under the Note. A true and correct copy of the Second Modification is attached as **Exhibit 4**.

16. As part of the Second Modification, Mr. Crowe agreed to pay $100,000.00 upon execution of the Second Modification. Mr. Crowe made this payment.

17. That same day, Mr. Battles, Mrs. Battles, and Mr. Crowe also executed a Loan Agreement which, in part, assigned Mr. and Mrs. Battles 75% of all funds received as Accounts Receivable by NSR (of which Mr. Crowe was the majority owner). The Loan Agreement states that these payments will continue in full force and effect until the total remaining balance is paid in full.

18. On January 20, 2015, Mrs. Battles executed a Quitclaim Deed for Release, conveying the property secured by the Security Deed back to Mr. Crowe and 600 Peachtree Parkway, LLC.

19. Since the execution of the Amendment to the Operating Agreement, an additional $89,500.00 has been paid on the Loan.

20. Mr. Battles sent correspondence to the members of NSR attempting to open a dialogue as to why he has not been paid. No substantive response was received.

21. Upon information and belief, during 2015 and 2017 NSR received a substantial amount of cash through its accounts receivable.

22. Mr. Battles did not receive 75% of receivables for 2015 or 2017.

23. On March 17, 2017, Mr. Battles filed suit against the Defendants in the Superior Court of Forsyth County, Case No. 17-CV-0486-2 (the State Lawsuit).

24. Mr. Battles passed away on January 28, 2018, prior to which he was a full time resident in the state of Florida.

25. Elizabeth Bentley was appointed the personal representative of his estate on February 15, 2018.

26. On March 10, 2021, the Battles Estate obtained a judgment against the Crowe Estate in the amount of $235,000.

27. Neither Mr. Battles nor his estate have any payment under the Note, as amended, since 2015.

28. On August 14, 2019, Mr. Barr and Mr. Havins were dismissed from the State Lawsuit without prejudice.

29. In August of 2021, the Battles Estate dismissed its claim against NSR in the State Lawsuit without prejudice.

30. The Battles Estate has distributed to the heirs of the estate any membership interest in NSR held by it. As of this filing, the Battles Estate holds no membership interest in NSR.

## COUNT 1
## BREACH OF CONTRACT

31. Plaintiff re-alleges and incorporates by reference the foregoing Paragraphs 1-32 of this Complaint as if fully restated herein.

32. Plaintiff brings this Count against NSR.

33. Mr. Crowe had a contract with Mr. Battles and Mr. Battles' wife.

34. Mr. Crowe promised to pay a sum certain to Mr. Battles.

35. Mr. Crowe has failed to pay pursuant to the terms of the contract.

36. Mr. Crowe's failure to pay pursuant to the terms of the contract has damaged Mr. Battles.

37. As part of this contract, Mr. Battles was made a 20% owner of NSR.

38. As part of the contract, Mr. Crowe, the majority member of NSR, agreed on behalf of NSR that NSR would pay Mr. Battles 75% of all funds received as Accounts Receivable by NSR until all sums due under the Note are paid in full.

39. NSR has failed to make payments as required under the contract.

40. NSR's failure to make these payments has also damaged Plaintiff.

41. Plaintiff has demanded payment from NSR and such demand has been refused.

42. NSR's refusal to make payment is a breach of its contract with Mr. Battles.

43. As a result of the breach, Plaintiff has been damaged in an amount of not less than $235,500.00

## COUNT 2
## UNJUST ENRICHMENT

44. Plaintiff re-alleges and incorporates by reference the foregoing Paragraphs as if fully restated herein.

45. Mr. Battles brings this Count against Mr. Barr and Mr. Havins.

46. Defendants have been unjustly enriched when they knowingly and fraudulently used money from the accounts receivable that was allocated for Mr. Battles and contractually belonged to Mr. Battles.

47. Defendants were unjustly enriched when they knowingly and fraudulently accepted monies from NSR that were allocated for and contractually Mr. Battles', without permission of or compensation to Mr. Battles.

48. It is opposed to equity that Defendants should be unjustly enriched by the use of Mr. Battles' funds without repayment.

49. Defendants' unauthorized use and retention of Mr. Battles' funds has unjustly enriched these Defendants and conferred a benefit upon them for which Mr. Battles should be equitably compensated.

## COUNT 3
## FRAUDULENT CONVEYANCES

50. Plaintiff re-alleges and incorporates by reference the foregoing Paragraphs of this Complaint as if fully restated herein.

51. Mr. Battles brings this Count against all Defendants pursuant to O.C.G.A. §18-2-70 et seq., Uniform Voidable Transactions Act (hereinafter, the "Act").

52. Mr. Battles has a claim against Defendant NSR as defined in the Act and Mr. Battles is a creditor under the Act by virtue of the Note and the subsequent loan modifications.

53. NSR and Mr. Crowe are debtors under the Act.

54. The transfer of the funds owed to Mr. Battles as stated above is a transfer under the Act.

55. Mr. Havins is a member of NSR.

56. Mr. Barr is a member of NSR.

57. Mr. Barr and Mr. Havins are insiders under the Act.

58. Pursuant to the Act, a "transfer made . . . by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made . . . if the debtor made the transfer . . . (1) [w]ith actual intent to hinder, delay, or defraud any creditor of the debtor . . . " O.C.G.A. § 18-2-74(a)(1).

59. The transfer of the funds owed to Mr. Battles was made by NSR to one or more of the Defendants with the actual intent to hinder, delay, or defraud Mr. Battles.

60. The factors demonstrating "actual intent" under O.C.G.A. § 18-2-74(a) include, but are not limited to, the following: transfer of the funds from NSR for the benefit of one or more of the Defendants, the Defendants' status as insiders under the Act; the concealment of the transfer from Mr. Battles at the time it was made; the removal or concealment of NSR assets; and the insolvency of NSR shortly after the transfer.  *See* O.C.G.A. § 18-2-74(b).

## COUNT 4
## PUNITIVE DAMAGES

61. Plaintiff re-alleges and incorporates by reference the foregoing Paragraphs of this Complaint as if fully restated herein.

62. Mr. Battles brings this claim for punitive damages against all Defendants.

63. The Defendants' actions constituted an intentional tort.

64. Defendants have shown willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

65. As a result, the Defendants are liable to Mr. Battles for punitive damages to deter further such actions in the future.

## COUNT 5
## ATTORNEY FEES

66. Plaintiff re-alleges and incorporates by reference the foregoing Paragraphs of this Complaint as if fully restated herein.

67. Mr. Battles was forced to hire an attorney and incur legal fees and expenses as a direct result of the Defendants' actions. The Defendants have acted in bad faith, have been stubbornly litigious, and have caused the Plaintiff unnecessary trouble and expenses so as to authorize the recovery of his attorney's fees and expenses of litigation under O.C.G.A. § 13-6-11.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) General and special damages;

(b) Compensatory and punitive damages;

(c) An order enjoining and restraining Defendants and their agents and representatives, from using or disposing of Plaintiff's funds or other funds which may become Plaintiff's funds in any manner;

(d) An order voiding any fraudulent transfers of the assets of the Crowe Estate or NSR in favor of the Defendants or third parties;

(e) Attorney fees and costs of litigation; and

(f) Such other and further relief as this Court deems just and proper.

Respectfully submitted this December 6, 2021.

/s/ James Craig

**JAMES CRAIG**
Georgia Bar No. 940586
(770) 426-7740
james@cb.law

**CAMPBELL & BRANNON, LLC**
Glenridge Highlands II
5565 Glenridge Connector, Suite 350
Atlanta, GA 30342

Counsel for Plaintiff